**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHRYN M. TITI,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO MUNICIPALITY,<br><br>　　　　　　　　　　Defendant. | Case No.: 22-cv-01561-DMS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE DISMISSAL** |

　　　　Pending before the Court is Plaintiff's motion to set aside dismissal ("Pl.'s Mot."). (ECF No. 14.)  On May 11, 2023, the Court determined that it lacked subject matter jurisdiction over this claim and ordered Plaintiff to show cause why this claim should not be dismissed for lack of jurisdiction. (ECF No. 11.) On May 31, 2023, the Court dismissed the Action sua sponte without prejudice so that Plaintiff may bring her claim in a court of competent jurisdiction.  (ECF No. 13.)  In the present motion, Plaintiff seeks relief from the Court's Order dated May 31, 2023, and asserts that the Court has federal question jurisdiction to hear her claims because Plaintiff's claims arise under 42 U.S.C. § 1983 and the standard set by *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978).  The Court treats the motion as a motion for relief from a judgment or order brought under Federal Rule of Civil Procedure 60.  The Court disagrees and **DENIES** Plaintiff's motion.

　　　　Plaintiff's complaint never mentions 42 U.S.C. § 1983 or *Monell* and leave to amend would be futile because Plaintiff cannot plausibly allege constitutional violation. To

establish municipal liability under *Monell*, Plaintiff must prove that (1) she was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to Plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). "*Monell* claims . . . require a plaintiff to show an underlying constitutional violation." *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). Plaintiff specifies no constitutional violation in her Motion. Plaintiff explains that the City's negligence "clearly demonstrates . . . unconstitutional action," (Pl.'s Mot. at 6) but Plaintiff says nothing further about what the constitutional violation actually is. "Mere negligence in training or supervision . . . does not give rise to a *Monell* claim." *Dougherty*, 654 F.3d at 900 (9th Cir. 2011).

The Court concludes that Plaintiff cannot plausibly raise a Section 1983 *Monell* claim because she cannot plausibly allege a constitutional violation. The injury Plaintiff alleges sounds in negligence, and the Court reaffirms that it lacks subject matter jurisdiction over such a claim for the reasons explained in its Order dated May 11, 2023 (ECF No. 11). Therefore, the Court **DENIES** the present Motion and denies leave for Plaintiff to file an amended complaint.

The proper forum for this negligence claim is San Diego County Superior Court.

**IT IS SO ORDERED.**

Dated: July 11, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court